IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00728-PAB-KLM

KENT D. MENGE,

    Plaintiff,

v.

AT&T, INC., a Delaware corporation,
AT&T UMBRELLA BENEFIT PLAN NO. 1,
AT&T OPERATIONS, INC., a Delaware corporation, and
THE AT&T DISABILITY INCOME PROGRAM,

    Defendants.

## ORDER

This matter is before the Court on the Opposed Motion to File Surreply Brief [Docket No. 35] filed by defendants AT&T Inc., AT&T Umbrella Benefit Plan No. 1, The AT&T Disability Income Program, and AT&T Operations, Inc. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332.

On March 23, 2011, plaintiff, a former employee of defendant AT&T Operations, Inc., filed the complaint in this case alleging that defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* by arbitrarily and capriciously denying his claims for short-term and long-term disability benefits under an employee benefit plan. Docket No. 1 at 14-16; Docket No. 28 at 5, 18-19 ¶¶ 11, 51. On March 16, 2012, the briefing in this case was completed. *See* Docket No. 34. On April 16, 2012, defendants filed the motion currently before the Court, contending that plaintiff raises new arguments in his reply brief and requesting

that the Court either disregard these new arguments or permit defendants to file a surreply brief. Docket No. 35.

Granting leave to file a surreply is part of the "supervision of litigation" and thus falls within the discretion of the district court. However, the Court's discretion is limited insofar as it may not deny the non-movant's motion to file a surreply unless it disregards any new arguments in the moving party's reply. *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191-92 (10th Cir. 2006) ("if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials." *Id*. (internal citations omitted).

Defendants contend that the following three arguments that plaintiff asserts in his reply brief are new:

- At page 7, ¶ 12 of the Reply, Plaintiff inaccurately asserts, for the first time, that the independent medical evaluators that the Administrator asked to review Plaintiff's claim were not given a copy of his job description.

- At page 19, ¶ 36, Plaintiff misquotes language from Defendants' Response Brief regarding the entity that functioned as the Administrator for the Program. In the language quoted by Plaintiff, Defendants accurately pointed out that Sedgwick CMS is the "Claims Administrator and the Appeals Administrator" for the DIP, not that Sedgwick was the Plan Administrator. At page 3 of their response, Defendants actually quoted the language from the DIP stating that the program was administered by AT&T: "However, AT&T has contracted with third parties for certain functions associated with this Program."

- At page 3, ¶ 4, Plaintiff inaccurately asserts, for the first time. [sic] that short term disability ("STD") benefits under the AT&T Umbrella Benefit Plan are funded by an insurance policy. The Form 5500 that Plaintiff attached to his Reply does not establish the contrary.

Docket No. 35 at 2-3, ¶ 4. The first argument that defendants identify as new refers to plaintiff's statement that:

> Any discussion of whether a person is disabled must include a comparison of the physical and mental limitations with the ability to perform work. There does not appear to be any consideration by the Defendants' reviewing physicians as to the physical or mental requirements of Plaintiff's job. It does not appear from the record that a job description was provided, and no opinions as to Plaintiff's ability to meet any job requirement was given to the Defendants for their consideration of Plaintiff's claim. The physicians merely gave conclusory statements, without foundation as to any of the job requirements. That was unfair to Plaintiff and was unreasonable.

Docket No. 34 at 7, ¶ 12. This is a new contention that plaintiff did not raise in his opening brief. *See generally*, Docket No. 28. As this argument is relevant to determining defendants' basis for denying plaintiff's benefits, the Court will permit defendants to file a surreply to this argument. *See Pippin*, 440 F.3d at 1191-92.

However, the second argument that defendants challenge does not fall within the rule articulated in *Pippin* as it does not introduce new material or a new contention. *See* 440 F.3d at 1191-92. This argument counters defendants' assertion in their response brief that plaintiff can only maintain a claim against AT&T Benefit Umbrella Plan No. 1. Docket No. 30 at 28. Plaintiff's reply identifies purported inconsistencies in defendants' filings relating each defendant's involvement with and responsibility for plaintiff's benefits plan. *See* Docket No. 34 at 19. This argument reiterates the allegations in plaintiff's complaint and opening brief that each defendant is responsible for the allegedly wrongful denial of benefits. Docket No. 1 at 2-3, ¶¶ 4-11; Docket No. 28 at 5-6, ¶¶ 11-16.

The third argument that defendants challenge responds to defendants' assertion that Colo. Rev. Stat. § 10-3-1116 does not apply to plaintiff's benefits plan because the plan is funded by insurance and not by a trust. *See* Docket No. 30 at 14 (arguing that

§ 10-3-1116 does not apply to the plan because it is funded by a trust and not by insurance). However, the undisputed facts establish that § 10-3-1116, which became effective on August 5, 2008, does not apply to the plan, which became effective in 2007. See Docket No. 1 at 3, ¶ 15 ("Plaintiff started working full time for the Defendant AT&T, Inc. or an affiliate on April 18, 2007. He became eligible for benefits six months after being hired."). The Tenth Circuit has held that § 10-3-1116 does not apply retroactively. *McClenahan v. Metro. Life Ins. Co.*, 416 F. App'x 693, 695-96 (10th Cir. 2011); *see also Hollingshead v. Stanley Works Long Term Disability Plan*, No. 10-cv-3124-WJM-CBS, 2012 WL 959402, at *2 (D. Colo. Mar. 21, 2012) ("As the Plan came into effect before Colo. Rev. Stat. § 10-3-1116 was enacted, the Court finds that the statute cannot retroactively apply to Plaintiff's claim."). Thus, this argument is not relevant. For the foregoing reasons, it is

**ORDERED** that defendants' Opposed Motion to File Surreply Brief [Docket No. 35] is GRANTED in part and DENIED in part. It is granted with respect to the argument that reviewing physicians did not consider plaintiff's job description in making their determination. It is denied with respect to all other challenged arguments. It is further

**ORDERED** that defendants shall file a surreply no later than **5:00 pm on Friday, March 15, 2013.**

DATED February 13, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge